## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release of All Claims (hereinafter "Agreement") is made and entered into by and between Plaintiff CARLOS AGUILAR (hereinafter referred to as "Plaintiff") on behalf of himself, his agents, assigns, attorneys, heirs, successors, executors and administrators, and OSWALD HOME IMPROVEMENT INC., A&L HOME IMPROVEMENT INC., OSWALD WILLIAMSON and ALTON WILLIAMSON (hereinafter referred to as "Defendants") on behalf of themselves, their agents, assigns, attorneys, heirs, successors, executors, and administrators.

**WHEREAS**, on November 23, 2022, Plaintiff filed, in the United States District Court for the Eastern District of New York, a complaint in an action entitled CARLOS AGUILAR v. OSWALD HOME IMPROVEMENT INC. et. al., Civil Action No. 22-7152 (RPK)(CLP). Plaintiff's Complaint asserts violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"); and

**WHEREAS**, on January 5, 2023, Defendants filed their Answer in response to the Plaintiff's Complaint; and

**WHEREAS**, Plaintiff and Defendants went to mediation, with Giulio Zanolla, Esq., of Zanolla Mediation, on June 6, 2023, after which, in the days that followed and with the assistance of Mr. Zanolla, Plaintiff and Defendants agreed to settle this case in exchange for a payment in the amount of Sixty Thousand Dollars ($60,000.00); and

**WHEREAS**, Plaintiff represents that with this payment, he will have been paid all outstanding wages, and liquidated damages, penalties and interest, including any legal fees owed,



that he may have been owed, arising out of, or connected with, his employment with Defendants, and

**NOW, THEREFORE,** Plaintiff and Defendants, in consideration of the promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, agree as follows:

1. <u>No Admission of Liability</u>: By entering into this Agreement, Defendants and Plaintiff do not in any way admit liability or wrongdoing toward one another or anyone else, either implicitly or explicitly. Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability or assessment of liability under any law, ordinance, rule, regulation or order with respect to any claim that Plaintiff has asserted, could have asserted or may assert in connection with his employment with Defendants.

2. <u>Consideration</u>:

a. In consideration for Plaintiff entering into this Agreement and in full and complete satisfaction of his claims against Defendants, Defendants agree to pay Plaintiff a settlement payment, the gross amount of which shall be Sixty Thousand Dollars ($60,000.00) (the "Settlement Payment"). The Settlement Payment shall be wired into Plaintiff's counsel's escrow account <u>or</u> delivered via overnight mail to David Harrison, Esq., Harrison, Harrison & Associates, Ltd., 110 Highway 35, Suite #10, Red Bank, NJ 07701 on the following schedule once it is approved by the Court :

   (i) Six (6) payments each in the amount of $5,000.00, on or before each of the following dates in 2023: July 21, August 21, September 21, October 21, November 21, December 21, 2023, and



2

(ii) Six (6) payments each in the amount of $5,000.00, on or before each of the following dates in 2024: January 22, February 22, March 22, April 22, May 22, and June 22, 2023.

In the event that the Court has not approved this Agreement, Defendants' counsel shall hold all payments received in escrow and shall not release any payments to Plaintiff's counsel until this Agreement is approved by the Court.

3. <u>Voluntary Dismissal with Prejudice</u>:

a. Plaintiff represents that other than the Complaint referenced above he has not filed with any court, government agency or other tribunal any action, complaint, charge, grievance or arbitration against Defendants, and will not do so at any time in the future.

b. Plaintiff hereby authorizes and directs his attorneys to dismiss the action with prejudice.

4. <u>Release by Plaintiff</u>

a. In consideration of the promises, payments and actions of Defendants set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff, with respect solely to Defendants' alleged conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever releases, relieves, waives, relinquishes, and discharges Defendants from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims and demands concerning wage and hour matters including, but not limited to, any and all wage and hour claims, arising under the Fair Labor Standards Act, the New York Labor Law, and the Wage Theft Prevention Act, as well as claims for minimum wages, overtime,



3

commissions, unpaid wages, whether based on common law or otherwise, and all claims for improper deductions, travel time, spread of hours pay, bonuses, expenses, reimbursements, legal fees and all matters arising out of Plaintiff's employment with Defendants and any other compensation or wages. This release is limited solely and only to wage and hour claims, discrimination claims and any and all other claims that have arisen on, or prior to, the date this Agreement is executed and it does not release or discharge any claims that may occur or accrue after the execution of this Agreement.

5. <u>Confession of Judgments</u>: Concurrently with the execution of this Agreement, both of the individual Defendants shall each cause to be executed and delivered to Plaintiffs' Counsel an original signed (i.e. not transmitted electronically) confession of judgment ("Confession of Judgment") in the forms annexed hereto as Exhibit "A". The Parties hereby acknowledge and agree that the Confessions of Judgment will be held in escrow by Plaintiff's Counsel, and will not be entered and/or filed at any time other than in the event that Defendants both (a) fail to make payment on or before the date payment becomes due according to the terms herein and (b) fail to cure such default by ensuring Plaintiff's Counsel's actual receipt of the delinquent payment within seven (7) days of receipt of written notice (to be delivered to Defendants' counsel Mitchell Segal, Esq., via email at msegal@segallegal.com of such default (a "Default Event"). Any such Notice of Default may be emailed to the address above and deemed received as of the date it is actually sent. Notwithstanding the foregoing and without limiting any right or remedy, in the event any Settlement Payment is not timely made or cured according to the terms herein, Plaintiffs may file the Confessions of Judgment immediately and seek the outstanding amount of the Settlement Payment, plus reasonable attorneys' fees and costs - incurred as a result of Defendants' breach of the Settlement Agreement - to be paid in one lump sum.



6. <u>Agreement Not to Publicize/Non-disparagement</u>: Plaintiff agrees that he will not publicly publicize the terms of this Agreement in the print media or on social media. The Parties agree not to make any statement about the other that is disparaging or defamatory except that nothing in this section shall apply with respect to, or prohibit Plaintiff from sharing, truthful information regarding this litigation.

7. <u>Applicable Law</u>: This Agreement shall be governed by, interpreted, construed and enforced in accordance with the laws of the State of New York.

8. <u>Enforceability</u>: If any provision of this Agreement is held by a court of competent jurisdiction to be illegal or unenforceable, such provision shall be severed from this Agreement and have no force and effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the enforceability of, any other provision of this Agreement.

9. <u>Interpretation of Agreement</u>: The parties agree that any person or entity interpreting or construing this Agreement shall not apply a presumption that any of its provisions should be more strictly construed against the party who prepared the Agreement as all parties have fully participated in the preparation of all provisions of this Agreement.

10. <u>Headings</u>: The headings in this Agreement are for the convenience of the parties and are not intended to modify the terms of the Agreement.

11. <u>Voluntary Agreement</u>: Plaintiff agrees and affirms that:

    a.    He has carefully read and fully understand all of the provisions of this Agreement;

    b.    He was advised and is advised to consider carefully the terms of this Agreement and consult with his attorney prior to executing this Agreement;



      c.    He has been given a reasonable time to consider his rights and obligations under this Agreement and to consult with an attorney before executing it;

      d.    He has consulted with his attorney of choice before executing this Agreement;

      e.    This Agreement is legally binding, and by signing it, he understands that he is giving up certain rights, including the right to pursue the claims raised in the Complaint;

      f.    No promise or representation of any kind or character has been made by any of the Defendants or by anyone acting on their behalf to induce this Agreement, and that Plaintiff have not been forced or pressured in any way to sign this Agreement;

      g.    Plaintiff is, through this Agreement, releasing the Defendants from any and all wage and hour claims and other claims that he may have against any of them in exchange for the payment described herein;

      h.    Plaintiff knowingly and voluntarily agrees to all of the terms set forth in this Agreement, and intends to be legally bound by them.

12.    <u>No Other Representations or Agreements</u>: Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement. This Agreement constitutes and contains the entire agreement among the parties and supersedes and replaces all prior negotiations and all agreements, proposed or otherwise, written or oral, concerning the subject matter hereof.



13.  No Modification Except In Writing: This Agreement cannot be modified or changed except by writing, signed by the parties, with specific reference to this Agreement.

14.  Execution In Counterpart: This Agreement may be executed electronically (via DocuSign) and in counterpart by each party, and each executed Agreement, when taken together, shall constitute a complete Agreement.

**WHEREFORE,** the undersigned subscribe to this Agreement, as it applies to each, as of the date(s) set forth below opposite their respective signatures.

Date: _7/7/2023_, 2023

DocuSigned by: *Carlos Aguilar*  Carlos Aguilar
60F3C78F70264C6...

_____
CARLOS AGUILAR

Date: _____, 2023

_____
OSWALD HOME IMPROVEMENT INC.

Date: _____, 2023

_____
A&L HOME IMPROVEMENT INC.

Date: _7-13_, 2023

*Alton Williamson*
ALTON WILLIAMSON

Date: _7-13_, 2023

*Oswald Williamson*
OSWALD WILLIAMSON

DocuSign Envelope ID: CDCEB60A-A74B-434C-A6CA-D609BC7B4E6F

13. <u>No Modification Except In Writing</u>: This Agreement cannot be modified or changed except by writing, signed by the parties, with specific reference to this Agreement.

14. <u>Execution In Counterpart</u>: This Agreement may be executed electronically (via DocuSign) and in counterpart by each party, and each executed Agreement, when taken together, shall constitute a complete Agreement.

**WHEREFORE,** the undersigned subscribe to this Agreement, as it applies to each, as of the date(s) set forth below opposite their respective signatures.

Date: 7/7/2023 _____, 2023       _Carlos Aguilar_   Carlos Aguilar
                                     CARLOS AGUILAR

Date: 7-13, 2023                     _Oswald Home Improvement Inc._
                                     OSWALD HOME IMPROVEMENT INC.

Date: 7-13, 2023                     _A-L Home Improvement Inc._
                                     A&L HOME IMPROVEMENT INC.

Date: 7-13, 2023                     _Alton Williamson_
                                     ALTON WILLIAMSON

Date: 7-13, 2023                     _Oswald Williamson_
                                     OSWALD WILLIAMSON

7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARLOS AGUILAR,<br>                            Plaintiff,<br>  -against-<br>OSWALD HOME IMPROVEMENT INC., A&L HOME IMPROVEMENT INC., OSWALD WILLIAMSON and ALTON WILLIAMSON,<br>                            Defendants. | Civil Action No. 22-7152-CLP<br><br>**AFFIDAVIT OF<br>CONFESSION<br>OF JUDGMENT** |

ALTON WILLIAMSON, being duly sworn, deposes and says:

1. I am a resident of the County of _Brooklyn_ in the State of New York in that I have a residence in the County of _Kings_.

2. Pursuant to the terms of the Settlement Agreement and Release dated _____, 2023 (the "Settlement Agreement") by and between CARLOS AGUILAR ("Plaintiff") and OSWALD HOME IMPROVEMENT INC., A&L HOME IMPROVEMENT INC., OSWALD WILLIAMSON and ALTON WILLIAMSON ("Defendants"), I hereby confess judgment and authorize entry thereof in Kings County against myself and in favor of Plaintiff for the sum of Sixty Thousand Dollars ($60,000.00), less any amounts already paid pursuant to the Settlement Agreement's terms, plus Plaintiffs' attorneys fees and costs incurred as a result of Defendants' breach of the Settlement Agreement.

3. This Affidavit of confession of judgment is for a debt justly due to Plaintiff under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that I am to submit a total sum of Sixty Thousand Dollars ($60,000.00), less any amounts already paid, pursuant to the Settlement Agreement's terms, or under other means to Plaintiff.

4. This Affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge, including, without limitation, the terms and provisions of the Settlement Agreement.

I hereby represent my understanding that upon Defendants failure to make timely payment in the manner prescribed in the Agreement, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York, Kings County, or any other county chosen by Plaintiffs, as a judgment for Sixty Thousand Dollars ($60,000.00), plus Plaintiffs' attorneys fees and costs incurred as a result of Defendants' breach of the Settlement Agreement, less any amounts already paid, pursuant to the Settlement Agreement's terms, or under other means to Plaintiffs.

5. The Parties agree that this Confession of Judgment shall be held confidentiality and in escrow by Plaintiffs' attorneys and shall not be filed in any court unless and until I fail to cure a default upon notice and upon the date calculable by the attached Settlement Agreement. Upon full payment of the Settlement Amount (as defined in the Settlement Agreement), Plaintiffs, by and through their attorneys, shall return the original of the Confession of Judgment to counsel for Defendants or destroy it, and shall not retain any copies thereof.

ALTON WILLIAMSON

Date: 07/28/23

*/s/ Alton Williamson*

STATE OF NEW YORK  }
                   }S.S.
COUNTY OF Kings    }

> MICHAEL PICCINNINI
> Notary Public, State of New York
> No. 01PI6033812
> Qualified in Kings County
> Commission Expires November 29, 2025

*/s/ Michael Piccinnini*

Subscribed and sworn to before me, a Notary Public in and for the County of Kings of the State of New York on this 28 day of July, 2023.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

CARLOS AGUILAR,
                          Plaintiff,

-against-

OSWALD HOME IMPROVEMENT INC., A&L HOME IMPROVEMENT INC., OSWALD WILLIAMSON and ALTON WILLIAMSON,

                          Defendants.

Civil Action No. 22-7152-CLP

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

---

OSWALD WILLIAMSON, being duly sworn, deposes and says:

1. I am a resident of the County of Brooklyn in the State of New York in that I have a residence in the County of Kings.

2. Pursuant to the terms of the Settlement Agreement and Release dated _____, 2023 (the "Settlement Agreement") by and between CARLOS AGUILAR ("Plaintiff") and OSWALD HOME IMPROVEMENT INC., A&L HOME IMPROVEMENT INC., OSWALD WILLIAMSON and ALTON WILLIAMSON ("Defendants"), I hereby confess judgment and authorize entry thereof in Kings County against myself and in favor of Plaintiff for the sum of Sixty Thousand Dollars ($60,000.00), less any amounts already paid pursuant to the Settlement Agreement's terms, plus Plaintiffs' attorneys fees and costs incurred as a result of Defendants' breach of the Settlement Agreement.

3. This Affidavit of confession of judgment is for a debt justly due to Plaintiff under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that I am to submit a total sum of Sixty Thousand Dollars ($60,000.00), less any amounts already paid, pursuant to the Settlement Agreement's terms, or under other means to Plaintiff.

4. This Affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge, including, without limitation, the terms and provisions of the Settlement Agreement.

I hereby represent my understanding that upon Defendants failure to make timely payment in the manner prescribed in the Agreement, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York, Kings County, or any other county chosen by Plaintiffs, as a judgment for Sixty Thousand Dollars ($60,000.00), plus Plaintiffs' attorneys fees and costs incurred as a result of Defendants' breach of the Settlement Agreement, less any amounts already paid, pursuant to the Settlement Agreement's terms, or under other means to Plaintiffs.

5.    The Parties agree that this Confession of Judgment shall be held confidentiality and in escrow by Plaintiffs' attorneys and shall not be filed in any court unless and until I fail to cure a default upon notice and upon the date calculable by the attached Settlement Agreement. Upon full payment of the Settlement Amount (as defined in the Settlement Agreement), Plaintiffs, by and through their attorneys, shall return the original of the Confession of Judgment to counsel for Defendants or destroy it, and shall not retain any copies thereof.

OSWALD WILLIAMSON

Date: 07/28/23

*/s/ Oswald Williamson*

STATE OF NEW YORK  }
                              }S.S.
COUNTY OF Kings  }

MICHAEL PICCINNINI
Notary Public, State of New York
No. 01P16033812
Qualified in Kings County
Commission Expires November 29, 2025

Subscribed and sworn to before me, a Notary Public in and for the County of Kings of the State of New York on this : 28 day of July, 2023.